Vernon COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00223–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 9, 1999.

Decided Aug. 10, 1999.

---

Jeffery D. Gooch, Fort Worth, for appellant.

Michael Shepherd, Assistant District Attorney, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Vernon Cooper appeals from an order revoking his community supervision in a deferred adjudication proceeding and placing him upon adjudicated probation. Cooper contends that the court abused its discretion because there was insufficient evidence to support the revocation, because the requirements postulated by the State in regard to counseling was in violation of his constitutional rights, and because some of the terms imposed were not provided by statute at the time that he was placed on probation—thus violating the constitutional ban on *ex post facto* laws. Cooper also contends that his counsel was ineffective at the hearing because he did

not object to the admission of testimony about polygraph test results.

In the underlying prosecution, Cooper was charged with indecency with a child. He was placed on community supervision without an adjudication of guilt on June 16, 1988. His ten years' community supervision was to expire on June 13, 1998. The State filed a motion to revoke, and at a hearing on May 21, 1998, the trial court adjudicated Cooper's guilt and placed him on community supervision for ten years.

The State alleged as grounds for revocation, and the Court found, that Cooper had failed to "successfully complete Sexual Offenders Education Program and pay assessed fee for said program." In support of its motion, the State presented evidence through an employee of the Bowie County Probation Office, who testified that he had worked with Cooper and that during the first year of Cooper's probationary period, he had refused to accept responsibility for his acts. He also testified that Cooper had reported and paid fees consistently until his transfer to Dallas County in 1989. He also testified that Dallas County probation officers had informed him that Cooper had been discharged from a sex offender group because of his behavior and attitude, and that he had failed a polygraph and had openly admitted having sexual contact with another child since being placed on probation.

A Dallas County probation officer testified that she believed Cooper had violated the terms of his probation because he had admitted in a group therapy session and in a polygraph examination required for successful completion of the therapy session that he had sexual contact with his daughter while on probation.

■■ Cooper contends in several points of error that the trial court erred by revoking his probation because there was insufficient evidence and because evidence was admitted in violation of his constitutional rights. In the present case, the trial court rendered a decision that adjudicated his guilt and revoked his community supervision. Thus, Cooper's contentions of error are based upon an attempt to appeal from the decision to adjudicate guilt. An appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication of guilt process. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999). Accordingly, these contentions may not be addressed by this Court.

Cooper has also raised issues, however, that are not a part of the adjudication process and which we must address.[1] He first contends that the trial court abused its discretion by assessing a punishment in the form of a condition of probation that was not provided for by the law in effect at the time that the offense was committed.[2] Thus, he argues that the additional conditions of probation constitute an impermissible *ex post facto* application of the law.

■■■ The United States and Texas Constitutions contain an absolute prohibition against *ex post facto* laws. U.S. Const. art. I, § 10; Tex. Const. art. I, § 16; *see Ieppert v. State*, 908 S.W.2d 217 (Tex.Crim.App.1995). Under United States or Texas constitutional analyses, an *ex post facto* law: 1) punishes as a crime an act previously committed which was innocent when done; 2) changes the punishment and inflicts a greater punishment than the law attached to the criminal offense when committed; or 3) deprives a

1. Although the State filed a brief in this case, its argument addresses only the merits of the claims that we may not consider, and neither acknowledges nor discusses these issues.

2. The statute authorizing trial judges to set terms of probation state the purpose of community supervision as being to "protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." Tex.Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp.1999).

person charged with a crime of any defense available at the time the act was committed. *Ex parte Davis*, 947 S.W.2d 216, 219–20 (Tex.Crim.App.1996); *Johnson v. State*, 930 S.W.2d 589, 591 (Tex.Crim. App.1996); *Lopez v. State*, 928 S.W.2d 528, 534 (Tex.Crim.App.1996); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994); *White v. State*, 988 S.W.2d 277, 278 (Tex.App.-Texarkana 1999, no pet. h.).

■ Cooper specifically argues that the registration requirement for sex offenders is an *ex post facto* law. This Court has recently reviewed registration requirements that are now required as a condition of community supervision under an *ex post facto* analysis. In the case of *In re B.G.M.*, 929 S.W.2d 604, 606 (Tex.App.-Texarkana 1996, no pet.), we held that a duty to register pursuant to a criminal registration statute is a collateral consequence of a guilty plea because it is remedial rather than punitive in nature.[3] Accordingly, this requirement does not fit within the definition of an *ex post facto* law.

Cooper further contends that the requirement that he admit guilt is *ex post facto* in nature. We have reviewed the terms of probation. They contain no requirement that he admit that he had committed the crime for which he was convicted or any other crime. Because he has now been adjudicated guilty of indecency with a child, any remaining self-incrimination problems as to that crime have been eliminated.

■ There are no formal terms of probation requiring Cooper to admit any subsequent offenses. The witness testifying about the group therapy program suggested that probationers are required to admit committing any subsequent offenses before being released from counseling and that the probationer be required to pass a polygraph examination showing that the proba-

tioner committed only those offenses admitted in group therapy. The United States Supreme Court pointed out in *Minnesota v. Murphy*, 465 U.S. 420, 434–35, 104 S.Ct. 1136, 1146, 79 L.Ed.2d 409, 424 (1984), that a state may require a probationer to appear and discuss matters that affect his probationary status and that such a requirement, without more, does not give rise to a self-executing privilege. The Supreme Court goes on to say that the result may be different if the questions put to the probationer, however relevant to his probationary status, call for answers that would incriminate him in a pending or later criminal prosecution. We do not address this matter in this opinion because an adjudication of guilt based upon a deferred adjudication does not raise this issue.

■ In response to Cooper's argument that the terms were different and more extensive than those in effect in 1988, we recognize that because a trial court retains continuing jurisdiction over a defendant's probation, it has authority to alter or modify the conditions of probation during the probationary period. *See* Tex.Code Crim. Proc. Ann. art. 42.12, §§ 10(a), 11(a) (Vernon Supp.1999); *Stevens v. State*, 938 S.W.2d 517, 520 (Tex.App.-Fort Worth 1997, pet. ref'd); *Bailey v. State*, 888 S.W.2d 600, 604 (Tex.App.-Beaumont 1994, no pet.). It is not reasonable to conclude that a judge could alter or modify terms of probation virtually at will, but that after revoking probation and adjudicating guilt, and then placing the defendant on community supervision, a judge would then be limited to terms of probation that were in use at the time of the original offense. We find these arguments to be without merit.

■ Cooper next contends that he received ineffective assistance of counsel during the adjudication proceeding. We

---

**3.** We also applied this reasoning in *White v. State*, 988 S.W.2d 277, 279 (Tex.App.-Texarkana 1999, no pet. h.), in which we reiterated our conclusion that the statutory duty of a sex

offender to register was a collateral consequence of his guilty plea and thus was not punishment. Therefore, an *ex post facto* analysis did not apply.

have previously recognized that the defendant may not appeal the trial court's determination to adjudicate an original offense upon violation of probation.[4] Examples of challenges to a trial court's decision to adjudicate include a challenge to the sufficiency of the evidence to support the trial court's adjudication of guilt and a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate. *See Phynes v. State*, 828 S.W.2d 1, 1 (Tex. Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 n. 1 (Tex.Crim.App.1992).

We may not consider this contention of error.

The judgment is affirmed.

---

**4.** Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.1999); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992); *Tillman v. State*, 919 S.W.2d 836, 838 (Tex.App.-Fort Worth 1996, pet. ref'd).