In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00035-CV


______________________________




THOMAS YOUNG, Appellant



V.



AMERICAN EXPRESS CO., Appellee




 


On Appeal from the County Civil Court at Law


Gregg County, Texas


Trial Court No. 2000-1933CC




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Thomas Young appeals the trial court's entry of summary judgment in favor of American
Express Company. He contends the trial court erred in allowing American Express to maintain an
action on a sworn account in relation to a credit card debt. 

 American Express filed suit against Young for failing to pay his credit card debt pursuant to
a credit card agreement. American Express titled its claim "SWORN ACCOUNT," which stated that
the claim was verified under Rule 185, tracked the language of Rule 185, and attached both an
affidavit in support of the sworn account and a copy of Young's account to its petition. In that claim,
American Express alleged facts amounting to a breach of a credit contract and stated its claim as a
liquidated money demand. American Express alternatively made an unjust enrichment argument. 
In response, Young generally denied the allegations, but did not file a sworn denial. 

 American Express submitted a Motion for Summary Judgment stating the claim as a
"liquidated money demand, duly verified as required under Rule 185 . . .," asserting that Young's
answer was insufficient to raise a defense to the cause of action and that the pleadings, affidavits,
and exhibits filed show there is no genuine issue as to any material fact. Affidavits and a copy of
a credit account report were attached to the motion. Young responded by asserting that a credit card
debt was not a sworn account to which Tex. R. Civ. P. 185 would apply. The court granted summary
judgment in favor of American Express.

 Texas Rule of Civil Procedure 185 makes a verified account prima facie evidence in the
absence of a written denial under oath. Rule 185 is limited in application to such liquidated money
demands as are founded on a claim for goods, wares, merchandise, personal service rendered, labor
done, or labor or materials furnished. Tex. R. Civ. P. 185. The El Paso Court of Appeals found that
Rule 185 does not apply to credit card debt, at least in cases involving the advance of money by a
financial institution that is neither a merchant nor supplier of services, because no title to personal
property exchanges hands. Rather, the card evidences a line of credit extended which the cardholder
may use to purchase goods and services from a third party or to obtain a loan through a cash advance.
Bird v. First Deposit Nat'l Bank, 994 S.W.2d 280 (Tex. App.-El Paso 1999, pet. denied); see also
Boysen v. Sec. Lumber Co., 531 S.W.2d 454 (Tex. App-Houston [14th Dist.] 1975, no writ)
(Rule 185 does not apply to transactions between third parties or parties who were strangers to the
transaction). We agree.

 Summary judgment can only be granted on grounds provided in the motion for summary
judgment. Great-Ness Prof'l Servs., Inc. v. First Nat'l Bank, 704 S.W.2d 916 (Tex. App.-Houston
[14th Dist.] 1986, no writ). The petition filed by American Express presented a claim for breach of
a credit card agreement, characterized as a sworn account, and a claim for unjust enrichment. The
language used in the Motion for Summary Judgment, "liquidated money demand," encompasses all
of the claims presented. However, the phrase that the demand was "verified as required under
Rule 185" qualifies the demand and limits the Motion for Summary Judgment to that demand made
on a sworn account pursuant to Rule 185. Furthermore, the summary judgment affidavits do not
address the other causes of action. American Express was not entitled to summary judgment on a
sworn account pursuant to Rule 185, and the Motion for Summary Judgment was limited to those
grounds.



 We reverse the summary judgment and remand the cause to the trial court for further
proceedings.

 



 Ben Z. Grant

 Justice


Date Submitted: October 25, 2001

Date Decided: October 26, 2001


Do Not Publish



ture," the conditions never became final.

 Assuming the lack of a "Date of Signature" would affect the finality of the trial court's order,
Roberson's contention ignores the fact that the Order Establishing Conditions of Probation is dated
January 11, 2001, and file marked the same date. Further, the order was signed both by Roberson
and the trial judge. Therefore, the trial court's order imposing terms of Roberson's community
supervision was a final order.

 The appeal is dismissed for want of jurisdiction.




 Ben Z. Grant

 Justice


Date Submitted: February 21, 2002

Date Decided: February 21, 2002


Do Not Publish
1. By letter, we informed Roberson of our conclusion that our jurisdiction is limited in this case
and instructed him that if he disagreed with our conclusion, he should address the matter in his brief
on appeal. Roberson takes issue with our communication, contending such a letter could discourage
litigants from making good faith attempts to modify existing law and demonstrates our
predisposition to decide the issue of our jurisdiction adversely to him. We think, to the contrary, a
letter such as the one sent to Roberson allows appellants to concentrate their efforts on addressing
the jurisdictional hurdles confronting them in appeals from the revocation of deferred adjudication
community supervision, rather than merely raising issues this court is without jurisdiction to
consider. It does not, as Roberson contends, indicate a predisposition to resolve jurisdictional
challenges against him; rather, it establishes the terms on which such a challenge might be made.

 Roberson cites Cooper v. State, 2 S.W.3d 500, 502 (Tex. App.-Texarkana 1999, pet. ref'd),
in which the trial court revoked the appellant's deferred adjudication community supervision,
adjudicated him guilty, but placed him on "straight" community supervision. On appeal, the
appellant raised several issues we were without jurisdiction to consider, id. at 502-04, but also
contended the trial court erred in imposing additional terms when it placed the appellant on "straight"
community supervision. Id. at 502-03.

 Roberson contends the appellant in Cooper would not have raised the argument about the
additional terms of community supervision if he had received a letter like the one we sent to
Roberson. His contention is fallacious for two reasons. First, the appellant's contentions in Cooper
related to matters occurring after the trial court adjudicated his guilt. In our letter, we informed
Roberson of our conclusion that we have jurisdiction to consider such matters. Second, the appellant
in Cooper likely would not have raised the issues we were without jurisdiction to consider if he had
received a letter like the one we sent to Roberson.