**Derrick Dwayne ROBERSON,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00124–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 21, 2002.

Decided Feb. 21, 2002.

Ebb B. Mobley, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Derrick Dwayne Roberson appeals the revocation of his deferred adjudication community supervision. Roberson pleaded guilty, as part of a plea bargaining agreement, to aggravated sexual assault of a child. The trial court deferred a finding of guilt and placed him on ten years' community supervision. The State later filed a motion to adjudicate Roberson's guilt alleging he committed eleven violations of the terms of his supervision. Roberson

pleaded not true to each of the allegations. The trial court found the allegations true, found Roberson guilty, and sentenced him to imprisonment for life.

■ Except in certain narrowly defined circumstances, *see Nix v. State*, No. 793–00, 65 S.W.3d 664, 666–68, 2001 WL 717453, at *1–2 (Tex.Crim.App. June 27, 2001), if Roberson wished to appeal issues arising from the original plea proceeding in an appeal taken from that proceeding, he must have done so at that time. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim.App.1999). *Nix* addressed the void judgment exception, which recognizes there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. *Nix*, 65 S.W.3d 664, 667, 2001 WL 717453, at *2. The judgment being a nullity can be attacked at any time. *Id.*

■ In the absence of facts constituting a void judgment in the present case, this court is without jurisdiction to consider an appeal from the original plea proceeding, because Roberson is appealing after his community supervision had been revoked and his adjudication of guilt formally made. *Manuel*, 994 S.W.2d at 662. In addition, this court is without jurisdiction to consider issues regarding the proceeding at which his adjudication of guilt was formally made. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Cooper v. State*, 2 S.W.3d 500, 502 (Tex.App.Texarkana 1999, pet. ref'd). However, Roberson can appeal issues related to his sentencing.[1] Tex.Code Crim.

---

1. By letter, we informed Roberson of our conclusion that our jurisdiction is limited in this case and instructed him that if he disagreed with our conclusion, he should address the matter in his brief on appeal. Roberson takes issue with our communication, contending such a letter could discourage litigants from

making good faith attempts to modify existing law and demonstrates our predisposition to decide the issue of our jurisdiction adversely to him. We think, to the contrary, a letter such as the one sent to Roberson allows appellants to concentrate their efforts on addressing the jurisdictional hurdles confront-

PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2002).

█ Roberson contends he was subjected to terms of community supervision the trial court did not impose from the bench. The basis for his contention is a comparison of the trial court's oral pronouncement from the bench at the end of trial and the terms of community supervision contained in the clerk's record.

At the end of trial, the trial court informed Roberson that he would be required to obtain a General Education Diploma (GED), that he would be placed on intensive supervision for two years, that he had to pay a supervision fee of $40 per month, and that he had to perform eight hours of community service every other month. The clerk's record contains an Order Establishing Conditions of Probation and a Continuation of Conditions of Probation, which are preprinted forms with handwritten and typed notations containing numerous additional terms of Roberson's community supervision. The trial court and Roberson signed both documents.

The "Date of Signature" line in the Order Establishing Conditions of Probation is blank, but the order itself recites, "In accordance with the authority conferred by the Adult Probation Law of the State of Texas, you have been placed on probation on *this* 11 day of January, AD, 2001 [the same date as trial]...." (Emphasis added.) The date is handwritten on the preprinted form. The document is also file marked January 11, 2001.

Roberson speculates the additional terms contained in the Order Establishing Conditions of Probation and the Continuation of Conditions of Probation were filled in by a community supervision officer. He contends such action constitutes an impermissible delegation of the trial court's power to impose conditions of community supervision.

This court is without jurisdiction to consider this issue because it involves issues related to the original plea proceeding. *See Manuel,* 994 S.W.2d at 662. However, Roberson contends he was forestalled from appealing at the time the trial court imposed the conditions of community supervision because, in the absence of a "Date of Signature," the conditions never became final.

Assuming the lack of a "Date of Signature" would affect the finality of the trial court's order, Roberson's contention ig-

---

ing them in appeals from the revocation of deferred adjudication community supervision, rather than merely raising issues this court is without jurisdiction to consider. It does not, as Roberson contends, indicate a predisposition to resolve jurisdictional challenges against him; rather, it establishes the terms on which such a challenge might be made.

Roberson cites *Cooper v. State,* 2 S.W.3d 500, 502 (Tex.App.-Texarkana 1999, pet. ref'd), in which the trial court revoked the appellant's deferred adjudication community supervision, adjudicated him guilty, but placed him on "straight" community supervision. On appeal, the appellant raised several issues we were without jurisdiction to consider, *id.* at 502–04, but also contended the trial court erred in imposing additional terms when it placed the appellant on "straight" community supervision. *Id.* at 502–03.

Roberson contends the appellant in *Cooper* would not have raised the argument about the additional terms of community supervision if he had received a letter like the one we sent to Roberson. His contention is fallacious for two reasons. First, the appellant's contentions in *Cooper* related to matters occurring after the trial court adjudicated his guilt. In our letter, we informed Roberson of our conclusion that we have jurisdiction to consider such matters. Second, the appellant in *Cooper* likely would not have raised the issues we were without jurisdiction to consider if he had received a letter like the one we sent to Roberson.

nores the fact that the Order Establishing Conditions of Probation is dated January 11, 2001, and file marked the same date. Further, the order was signed both by Roberson and the trial judge. Therefore, the trial court's order imposing terms of Roberson's community supervision was a final order.

The appeal is dismissed for want of jurisdiction.