In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00224-CR


______________________________




TIMOTHY EARL JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 28,252-A




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Timothy Earl Johnson appeals from the revocation of his deferred adjudication
community supervision. Johnson pled guilty, as part of a plea agreement, to possession
of a "material, compound, mixture, or preparation in an amount of four-hundred [sic] grams
or more, that contained a quantity of codeine," an offense punishable by imprisonment for
life or for not more than ninety-nine years or less than five years and a fine not to exceed
$50,000.00. See Tex. Health & Safety Code Ann. §§ 481.104(a)(4), 481.117(e) (Vernon
Supp. 2002). In accordance with the plea agreement, the trial court deferred a finding of
guilt and placed Johnson on five years' community supervision.

 The State later moved to have the trial court proceed to an adjudication of guilt,
alleging Johnson committed six violations of the terms of his supervision. Johnson pled
true to the State's allegations. The trial court found the allegations true, adjudged Johnson
guilty, and sentenced him to five years' imprisonment.

 On appeal, Johnson contends the trial court erred in failing to order him to undergo
an evaluation to determine the appropriateness of alcohol or drug rehabilitation before he
was sentenced. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h)(2) (Vernon Supp.
2002). The State contends this Court is without jurisdiction over this appeal because
Johnson filed a notice of appeal that does not comply with Tex. R. App. P. 25.2(b)(3).

 Except in certain narrowly defined circumstances, see Nix v. State, 65 S.W.3d 664,
667 (Tex. Crim. App. 2001), if a defendant desires to raise issues on appeal arising from
the original plea proceeding, the defendant must have done so at that time. Manuel v.
State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). A defendant also may not raise
issues regarding the proceeding at which he or she was adjudicated guilty. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex.
App.Texarkana 1999, pet. ref'd). However, a defendant appealing from the revocation
of his or her deferred adjudication community supervision may appeal issues related to
sentencing, and the limitations in Tex. R. App. P. 25.2(b)(3) do not apply to those issues. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b); Vidaurri v. State, 49 S.W.3d 880, 884-85
(Tex. Crim. App. 2001).

 In Vidaurri, the appellant contended the trial court failed to hold a separate
punishment hearing after it revoked his deferred adjudication community supervision and
before it sentenced him. Vidaurri, 49 S.W.3d at 881. The court of appeals held it was
without jurisdiction to consider the appellant's contention because his notice of appeal did
not comply with Rule 25.2(b)(3). Id. The Texas Court of Criminal Appeals held Rule
25.2(b)(3) does not apply when an appellant is appealing an "issue which [is] unrelated to
[his] conviction." Id. at 884; see also Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App.
2002) ("Rule 25.2(b)(3) controls an appeal, made either before or after an adjudication of
guilt, by a defendant placed on deferred adjudication who challenges an issue relating to
his conviction.").

 In the present case, Johnson contends the trial court should have ordered he be
evaluated to determine the appropriateness of alcohol or drug rehabilitation after the trial
court found him guilty. This is an issue unrelated to Johnson's conviction. Therefore, Rule
25.2(b)(3) does not apply, and this Court has jurisdiction over the appeal.

 Article 42.12, § 9(h) of the Texas Code of Criminal Procedure requires the trial court
to order an evaluation to determine the appropriateness of, and a course of conduct
necessary for, alcohol and drug rehabilitation for a defendant, "[o]n a determination by the
judge that alcohol or drug abuse may have contributed to the commission of the offense." 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h) (Vernon Supp. 2002). The evaluation must
be made after conviction and before sentencing if the judge assesses punishment in the
case. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h)(2).

 The State observes the trial court ordered Johnson to "[a]ttend and complete a
substance abuse evaluation and fully comply with all recommendations of said evaluation,"
as a condition of his community supervision. However, this order occurred before Johnson
was adjudicated guilty, and thus before his conviction. Therefore, this condition of
community supervision does not qualify as compliance with Article 42.12, § 9(h)(2).

 However, Johnson does not point to any place in the record in which he asserted
his right to a substance abuse evaluation, nor did he raise the issue in his motion for new
trial. For an appellant to raise an issue on appeal, the record must show that the complaint
was made to the trial court and that the trial court ruled on the complaint. Tex. R. App. P.
33.1(a). Therefore, the issue is waived.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: July 2, 2002

Date Decided: July 3, 2002


Do Not Publish




te, 933
S.W.2d 73 (Tex. Crim. App. 1996). In this case, the trial court sustained Fried's objection to the
State's closing argument. The trial court, though, granted relief that was greater than that which was
requested by instructing the jury--sua sponte--to disregard the State's argument. Fried made no
further objection, and he failed to pursue his objection to an adverse ruling. Accordingly, Fried has
failed to preserve the alleged error for appellate review.

III. Evidentiary Sufficiency

 In his third and fourth points of error, Fried contends the evidence is legally and factually
insufficient to support his conviction. In reviewing the legal sufficiency of the evidence, we view
the relevant evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency review, we view
all the evidence in a neutral light and determine whether the evidence supporting the verdict is so
weak that the jury's verdict is clearly wrong and manifestly unjust or whether the great weight and
preponderance of the evidence is contrary to the verdict. Watson v. State, 204 S.W.3d 404, 417 (Tex.
Crim. App. 2006); see also Johnson, 23 S.W.3d at 7; Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996).

 A person commits the crime of DWI if he operates a motor vehicle in a public place while
not having the normal use of his mental and/or physical faculties because he has ingested alcohol,
a controlled substance, a drug, a dangerous drug, or any combination of those items. Tex. Penal
Code Ann. § 49.01(2) (Vernon 2003) (defining "intoxication"), § 49.04. The only contested issue
at trial was whether Fried was intoxicated at the time he operated a motor vehicle. 

 Suzanne Hardee, the arresting officer, testified she saw Fried's car drift left and right within
the marked lane on several occasions. Hardee also witnessed that vehicle drift from the outside
northbound lane into the inside northbound lane. In her continued testimony, Hardee described to
the jury how she witnessed Fried make a "[w]ide right turn" into the oncoming lane of traffic when
Fried's vehicle turned off of High Street onto Nelson Street near downtown Longview. Finally, just
before Hardee made the traffic stop, Fried drifted into the lane of oncoming traffic and came "[t]oo
close" to hitting another vehicle traveling toward Fried. 

 When Hardee made contact with Fried, she could smell alcohol coming from his breath. 
Hardee asked Fried to perform several field sobriety tests, including the Horizontal Gaze Nystagmus
(HGN) test. For the HGN test, Hardee testified that Fried's eyes did not equally track the stimulus
during the administration of this test, that Fried's eyes did not pursue the stimulus smoothly, and
exhibited nystagmus at maximum deviation in both eyes. Thus, Hardee concluded that Fried had
failed the HGN test by exhibiting six clues (out of a possible six), suggesting intoxication. Fried also
performed the "[w]alk and turn" test, which Hardee testified Fried failed, and the "one leg stand" test,
which Hardee said Fried refused to perform. Based on his performance during these field sobriety
tests, Hardee concluded Fried had lost the normal use of his mental or physical faculties due to the
ingestion of alcohol. Later, when requested to provide a specimen of his breath for the purpose of
testing it for alcohol concentration, Fried refused to provide a specimen. 

 On cross-examination, Fried attempted to discredit the officer's administration of each of the
field sobriety tests. For example, with the HGN test, Fried's cross-examination suggested Hardee
may have held the stimulus at a distance greater than the required twelve to fifteen inches from
Fried's nose, thus calling into question the validity of Fried's "failure." She also admitted that the
scientific research suggested HGN had only about a seventy-seven percent accuracy in predicting
intoxication. Fried also pointed out that the National Highway Transportation Safety Administration
standard for the "[w]alk and turn" test requires officers to ask certain questions of the suspect (such
as whether Fried had any problems with his feet or legs which might prevent him from performing
that particular test), some of which Hardee did not ask. These divided attention span sobriety tests
were also not administered on the recommended flat surface, but were instead performed on a gravel
parking lot. 

 In addition to the field sobriety tests, Hardee reported that she smelled alcohol on Fried's
breath and that she had seen him drive in and out of his traffic lane several times; she also opined
that Fried's alcohol consumption had caused him to lose the normal use of his mental or physical
faculties for purposes of driving his automobile. Regardless of whether the jury gave any credence
to the officer's assessment of Fried's performance during the field sobriety tests or whether it did not,
the jury heard other uncontested evidence from which it could have determined that the State had
met its burden of proof in this case. Thus, the evidence is legally sufficient to support the jury's
verdict. Moreover, we cannot say that the jury's verdict is so against the great weight of contrary
evidence or that the jury's verdict is manifestly unjust under these circumstances. Accordingly, we
also conclude the evidence is factually sufficient to support the verdict. Fried's remaining points of
error are overruled.

 For the reasons stated, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: January 26, 2007

Date Decided: March 1, 2007


Do Not Publish