In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00228-CR


______________________________




PHIL ANTHONY BONEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 196th Judicial District Court


Hunt County, Texas


Trial Court No. 19,609




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Phil Anthony Boney appeals from the revocation of his deferred adjudication community
supervision. Boney had previously pled guilty to indecency with a child, received a deferred
adjudication of guilt, and been placed on ten years' community supervision. The State later moved
to have the trial court proceed to an adjudication of guilt. Boney pled true to one of the State's three
allegations. The trial court found that allegation true, adjudicated him guilty, and sentenced him to
seven years' confinement.

 Boney's attorney has filed an appellate brief in which he concludes that, after a review of the
record and the related law, the appeal is frivolous and without merit. He has evaluated the record
and has found no error that arguably supports an appeal. The brief thus meets the requirements of
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Stafford v. State, 813
S.W.2d 503 (Tex. Crim. App. 1991). Boney did not file a response pro se.

 As Boney's counsel on appeal notes, Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App.
2001), recognizes there are some rare situations in which a trial court's judgment is accorded no
respect, i.e., is void, due to a complete lack of power to render the judgment in question. Id. A void
judgment can be attacked at any time. Id. We have examined the record and found no arguable basis
on which to conclude the Nix exception applies to the present case.

 As Boney's attorney also recognizes, a defendant may not raise, when appealing from a
revocation proceeding, issues regarding the proceeding at which he or she was initially adjudicated
guilty.    Tex.  Code  Crim.  Proc.  Ann.  art.  42.12,  §  5(b)  (Vernon  Supp.  2002); Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex.
App.Texarkana 1999, pet. ref'd). Therefore, this Court is without jurisdiction to review any errors
made at the proceeding at which Boney was adjudicated guilty, even if previously raised on appeal.

 As Boney's attorney further recognizes, a defendant appealing from the revocation of his or
her deferred adjudication community supervision can appeal issues related to sentencing. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b); Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App.
2001). Counsel observes, however, that Boney's seven-year sentence is within the statutory range,
see Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994); Act of May 29, 1993, 73rd Leg., R.S., ch. 900,
§ 1.01, 1993 Tex. Gen. Laws. 3586, 3616 (amended 2001) (current version at Tex. Pen. Code Ann.
§ 21.11(a)(1), (d) (Vernon Supp. 2002)), and that the trial court gave Boney credit for time served.

 We have conducted our own independent review of the record, as we must do when an
Anders brief is filed, see Wilson v. State, 40 S.W.3d 192, 197 (Tex. App.-Texarkana 2001, order),
and found no arguable issues for appeal. 

 The judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 11, 2002

Date Decided: July 12, 2002


Do Not Publish



35(a) (Vernon 2003) (maximum punishment for state-jail
felony offense is two years' imprisonment).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Dews'
sentence falls within the applicable range of 180 days' to two years' imprisonment. That, however,
does not end the inquiry. A prohibition against grossly disproportionate punishment survives under
the Eighth Amendment to the United States Constitution apart from any consideration of whether
the punishment assessed is within the range established by the Legislature. U.S. Const. amend.
VIII; see Solem, 463 U.S. at 290; Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality
op.); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd). In light of
Harmelin, the test has been reformulated as an initial threshold comparison of the gravity of the
offense with the severity of the sentence, and then, only if that initial comparison created an
inference that the sentence was grossly disproportionate to the offense should there be a
consideration of the other two Solem factors--(1) sentences for similar crimes in the same
jurisdiction and (2) sentences for the same crime in other jurisdictions. McGruder, 954 F.2d at 316;
Lackey, 881 S.W.2d at 420-21.

 Dews' sentence is the maximum authorized by the law applicable in this case, yet it is within
the range determined by the Legislature to constitute an appropriate punishment for this type of
crime. Nothing in this record demonstrates or raises an inference that this sentence was grossly
disproportionate to this offense. Dews presented no evidence of punishments assessed for
methamphetamine possession in Gregg County or elsewhere within this appellate district, nor does
the record show she presented evidence to the trial court of punishments for this offense that have
been assessed in other parts of Texas or in other jurisdictions outside of Texas. As such, Dews has
not provided this Court with a record with which we may assess the validity of the contention now
raised: that her sentence was constitutionally disproportionate to the offense for which she was
convicted and for which her community supervision was revoked. Accordingly, we must overrule
her final point of error.

 Finding no reversible error, we affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 9, 2007

Date Decided: May 10, 2007


Do Not Publish