In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00069-CR
______________________________


JOHNNY LEE MORRIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 253rd Judicial District Court
Chambers County, Texas
Trial Court No. 10622


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Johnny Lee Morris appeals from the final adjudication of his guilt for the offense of
indecency with a child. On August 27, 1999, the trial court deferred adjudication of guilt and placed
Morris on community supervision for ten years. The State filed a "First Amended Petition to Revoke
Unadjudicated Probation" on September 13, 2002. On or about February 25, 2003, the trial court
conducted a hearing, found Morris guilty of the original offense, and sentenced him to twelve years'
imprisonment. We affirm the judgment of the trial court.
            Morris raises seven issues on appeal complaining the trial court improperly revoked his
community supervision due to: (1) ineffective assistance of counsel at his hearing to revoke
community supervision, and (2) insufficiency of the evidence to support a finding for failure to pay
court costs. Based on due process and fundamental fairness considerations, Morris argues the trial
court abused its discretion in revoking his community supervision for: (3) late payment of the fine,
(4) failure to pay the fee of fifty dollars allegedly owed to the Baylor College of Medicine Sexual
Abuse Treatment Program, and (5) failure to attend several sex offender counseling classes. Further,
Morris alleges: (6) the trial court erred in finding violations of the terms of community supervision
which had been orally abandoned by the State, and (7) the trial court erred "in failing to hold a
hearing 'limited to the determination by the court of whether it proceeds with an adjudication of guilt
on the original charge.'" 
            Morris' first six points of error concern issues regarding the proceeding at which the trial
court determined to proceed to a formal adjudication of the offense. We must first determine
whether we have jurisdiction to consider these issues. The right to an appeal is a statutory right. 
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Tillman v. State, 919 S.W.2d 836, 838
(Tex. App.‒Fort Worth 1996, pet. ref'd). 
            The Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from
a trial court's decision to adjudicate guilt of the original offense on a violation of the terms of
community supervision. Article 42.12, Section 5(b) provides:
The defendant is entitled to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge. No appeal
may be taken from this determination. After an adjudication of guilt, all proceedings,
including assessment of punishment, pronouncement of sentence, granting of
community supervision, and defendant's appeal continue as if the adjudication of
guilt had not been deferred.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004). This provision expressly
denies a defendant the right to appeal from a trial court's determination to adjudicate. It has been
determined this provision deprives a court of appeals of jurisdiction to entertain or consider an
appeal from the adjudication hearing on any ground. Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999); Phynes, 828 S.W.2d at 2; Lloyd v. State, 97 S.W.3d 808, 809 (Tex.
App.‒Texarkana 2003, pet. ref'd); Roberson v. State, 71 S.W.3d 830, 831 (Tex. App.‒Texarkana
2002, no pet.); see Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). 
Examples of challenges to a trial court's decision to adjudicate include a challenge
to the sufficiency of the evidence to support the trial court's adjudication of guilt, a
claim of ineffective assistance of counsel at the hearing on the motion to adjudicate,
a claim that the conditions of community supervision are too vague, and a claim that
a variance exists between the community supervision conditions in the order and
those alleged in the motion to adjudicate.

Rodriquez v. State, 972 S.W.2d 135, 137 (Tex. App.‒Texarkana 1998), aff'd, 992 S.W.2d 483 (Tex.
Crim. App. 1999). This Court has held that a claim of ineffective assistance of counsel at the hearing
on the motion to adjudicate may not be raised on appeal. Brown v. State, 79 S.W.3d 140, 141 (Tex.
App.‒Texarkana 2002, no pet.); Garcia v. State, 45 S.W.3d 740, 742 (Tex. App.‒Austin 2001, pet.
ref'd); Cooper v. State, 2 S.W.3d 500, 504 (Tex. App.‒Texarkana 1999, pet. ref'd); see Phynes, 828
S.W.2d at 1; Olowosuko v. State, 826 S.W.2d 940, 942 n.1 (Tex. Crim. App. 1992); see also Lowe
v. State, 997 S.W.2d 670, 671-72 (Tex. App.‒Dallas 1999, no pet.). 
            However, Morris may appeal issues related to his sentencing. See Vidaurri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001); Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.‒Texarkana 2002, pet. ref'd). "Article 42.12, § 5(b) expressly allows an appeal of all
proceedings after the adjudication of guilt on the original charge." Rodriquez, 972 S.W.2d at 137-38.
            Morris' first six points of error all concern matters arising from the decision to proceed to
adjudication of guilt concerning the original offense. We have no jurisdiction to consider Morris'
issues one through six.
            In his remaining point of error, Morris argues the trial court erred in failing to hold a hearing
"limited to the determination by the court of whether it proceeds with an adjudication of guilt on the
original charge" and a finding of guilt, under Section 5(b) of Article 42.12 of the Texas Code of
Criminal Procedure. Article 42.12 requires a hearing which must have the "minimum requirements
of due process," including 
written notice of the claimed violations of probation, disclosure to the probationer of
the evidence against him, the opportunity to be heard in person, and by counsel, and
to present witnesses, the right to confront and cross-examine adverse witnesses, a
'neutral and detached' hearing body, and a written statement by the factfinder as to the
evidence relied on and the reasons for revoking probation.

Eldridge v. State, 731 S.W.2d 618, 619 (Tex. App.‒Houston [1st Dist.] 1987, no pet.). The record
indicates that a meaningful hearing was held to determine whether to proceed to an adjudication of
guilt, which included the above minimum requirements of due process.
            Morris cites Issa v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992), in support of his
argument. In Issa, the Texas Court of Criminal Appeals held that a defendant who had received
deferred adjudication was entitled to a separate punishment hearing after adjudication, which can
be preserved by a motion for new trial. Id. at 161. While Issa relaxed the requirement of a
contemporaneous objection, a defendant is still required to bring his or her complaint to the attention
of the trial court in some fashion before error is preserved for review. Norman v. State, 844 S.W.2d
903, 904 (Tex. App.‒Texarkana 1992, no pet.). In this case, Morris introduced punishment evidence
at the hearing and failed to make an objection during the hearing or file a motion for new trial
concerning any failure to conduct a separate punishment hearing. Further, we note the Texas Court
of Criminal Appeals has limited its holding in Issa. See Hardeman v. State, 1 S.W.3d 689, 690 (Tex.
Crim. App. 1999); Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). Therefore, we
overrule Morris' remaining point of error.
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 21, 2003
Date Decided:             November 24, 2003

Do Not Publish