In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00136-CR


______________________________




ALFORD AARON BOLDEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21216




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Alford Aaron Bolden appeals his conviction for possession of a controlled substance, namely
cocaine. On August 23, 2005, Bolden was placed on deferred adjudication community supervision
for three years. On or about February 27, 2007, the State filed an application for the adjudication
of guilt, alleging possession of cocaine with intent to deliver; delivery of cocaine; failure to make
specified payments of the fine, court costs, and community supervision fees; and failure to report by
mail for certain months. At trial, the State introduced testimony from a confidential informant that
Bolden had sold her crack cocaine and introduced a video and audio recording of the transaction. 
After finding Bolden committed delivery of cocaine and failed to pay required fees, the trial court
adjudicated guilt and sentenced Bolden to ten years' imprisonment. The trial court signed a
certification indicating Bolden has the right of appeal. That certification included a notation "except
as to adjudication and issues related thereto." Bolden's sole issue on appeal is that he received
ineffective assistance of counsel. Bolden argues his trial counsel was ineffective for not hiring an
expert to analyze the audio portion of the controlled buy. Bolden claims such an analysis might
prove he was not the person on the tape. Because Bolden lacked an ability to pay the specified fees,
he argues the trial court would not have proceeded to adjudication if he had received effective
assistance of counsel.

 Before this Court can address the merits of Bolden's argument, we must first determine if we
have jurisdiction over this appeal. The United States Constitution does not guarantee a criminal
defendant the right to appeal a conviction. McKane v. Durston, 153 U.S. 684, 687 (1894). Nor does
the Texas Constitution provide such a right. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992). Instead, a defendant's right to appeal a criminal conviction in Texas "is only as provided by
the legislature." Id. As it relates to the case now before us, the Texas Legislature has expressly
stated that a defendant may not appeal a trial court's decision to proceed to an adjudication of guilt.
See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2007); Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex.
App.--Texarkana 1999, pet. ref'd). While a defendant may be able to raise a claim of ineffective
assistance of counsel that allegedly occurred at the punishment phase following adjudication, the
Texas Court of Criminal Appeals has held "a defendant may not raise on direct appeal a claim of
ineffective assistance (or even an absence) of counsel that allegedly occurred at the proceeding to
adjudicate guilt." Hogans v. State, 176 S.W.3d 829, 833 (Tex. Crim. App. 2005); see Davis v. State,
195 S.W.3d 708, 710 (Tex. Crim. App. 2006). The asserted error must directly and distinctly
concern the punishment phase; the claim must, on its face, relate to the sentence imposed, not to the
decision to adjudicate. Hogans, 176 S.W.3d at 834. Similar to Hogans, the asserted error in this
case does not directly and distinctly concern the punishment phase. We lack jurisdiction over this
appeal.

 For the reasons stated, we dismiss Bolden's appeal for want of jurisdiction.




 Jack Carter

 Justice


Date Submitted: December 31, 2007

Date Decided: January 4, 2008


Do Not Publish