

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00136-CR

_____

ALFORD AARON BOLDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 21216

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Alford Aaron Bolden appeals his conviction for possession of a controlled substance, namely cocaine. On August 23, 2005, Bolden was placed on deferred adjudication community supervision for three years. On or about February 27, 2007, the State filed an application for the adjudication of guilt, alleging possession of cocaine with intent to deliver; delivery of cocaine; failure to make specified payments of the fine, court costs, and community supervision fees; and failure to report by mail for certain months. At trial, the State introduced testimony from a confidential informant that Bolden had sold her crack cocaine and introduced a video and audio recording of the transaction. After finding Bolden committed delivery of cocaine and failed to pay required fees, the trial court adjudicated guilt and sentenced Bolden to ten years' imprisonment. The trial court signed a certification indicating Bolden has the right of appeal. That certification included a notation "except as to adjudication and issues related thereto." Bolden's sole issue on appeal is that he received ineffective assistance of counsel. Bolden argues his trial counsel was ineffective for not hiring an expert to analyze the audio portion of the controlled buy. Bolden claims such an analysis might prove he was not the person on the tape. Because Bolden lacked an ability to pay the specified fees, he argues the trial court would not have proceeded to adjudication if he had received effective assistance of counsel.

Before this Court can address the merits of Bolden's argument, we must first determine if we have jurisdiction over this appeal. The United States Constitution does not guarantee a criminal

2

defendant the right to appeal a conviction. *McKane v. Durston*, 153 U.S. 684, 687 (1894). Nor does the Texas Constitution provide such a right. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Instead, a defendant's right to appeal a criminal conviction in Texas "is only as provided by the legislature." *Id.* As it relates to the case now before us, the Texas Legislature has expressly stated that a defendant may not appeal a trial court's decision to proceed to an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); *Cooper v. State*, 2 S.W.3d 500, 502 (Tex. App.—Texarkana 1999, pet. ref'd). While a defendant may be able to raise a claim of ineffective assistance of counsel that allegedly occurred at the punishment phase following adjudication, the Texas Court of Criminal Appeals has held "a defendant may not raise on direct appeal a claim of ineffective assistance (or even an absence) of counsel that allegedly occurred at the proceeding to adjudicate guilt." *Hogans v. State*, 176 S.W.3d 829, 833 (Tex. Crim. App. 2005); *see Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). The asserted error must directly and distinctly concern the punishment phase; the claim must, on its face, relate to the sentence imposed, not to the decision to adjudicate. *Hogans*, 176 S.W.3d at 834. Similar to *Hogans*, the asserted error in this case does not directly and distinctly concern the punishment phase. We lack jurisdiction over this appeal.

3

For the reasons stated, we dismiss Bolden's appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     December 31, 2007
Date Decided:       January 4, 2008

Do Not Publish