In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00008-CR


______________________________




CHARLES WHITLEY MICK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


 Hopkins County, Texas


Trial Court No. 0618766




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Charles Whitley Mick appeals from his conviction by a jury for indecency with a child with
J.H. and aggravated sexual assault on a child with J.H. The jury assessed his punishment at twenty
years' and forty years' imprisonment, respectively, and $10,000.00 fines for each offense. Mick
presently has five other convictions currently on appeal before this Court. (1)

 On appeal, Mick contends the trial court erred by admitting a video recording of an interview
by a state worker with another alleged victim, M.M. (2) He argues that this error is reversible because
it leaves grave doubt that his conviction was free from the substantial influence of the error. We addressed this issue in detail in our opinion of this date on his appeal in cause number
06-07-00004-CR. For the reasons stated therein, we likewise conclude that error has not been
shown.


 We affirm the judgment. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 30, 2008

Date Decided: June 2, 2008


Do Not Publish


1. Mick appeals from six convictions. In cause number 06-07-00004-CR, he was convicted
of aggravated sexual assault on M.M. and sentenced to forty years' imprisonment (concurrent). In
cause number 06-07-00005-CR, he was convicted of aggravated sexual assault on M.M. and
sentenced to forty years' imprisonment (concurrent). In cause number 06-07-00006-CR, he was
convicted for indecency with a child with J.H. and sentenced to twenty years' imprisonment
(concurrent). In cause number 06-07-00007-CR, he was convicted of indecency with a child with
J.H. and sentenced to twenty years' imprisonment (concurrent). In 06-07-00008-CR, he was
convicted of one count of indecency with a child with J.H. and sentenced to twenty years'
imprisonment (concurrent), and one count of aggravated sexual assault on a child with J.H. and
sentenced to forty years' imprisonment (consecutive to 0618762 (06-07-00004-CR)). In cause
number 06-07-00009-CR, Mick was convicted of one count of aggravated sexual assault on J.H. and
sentenced to forty years' imprisonment (concurrent), and one count of indecency with a child with
J.H. and sentenced to twenty years' imprisonment (concurrent). In each conviction, the jury also
assessed a $10,000.00 fine. 
2. Mick does not present a Confrontation Clause issue--M.M. testified at the trial. 


 (Vernon Supp. 2007); Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex.
App.--Texarkana 1999, pet. ref'd). While a defendant may be able to raise a claim of ineffective
assistance of counsel that allegedly occurred at the punishment phase following adjudication, the
Texas Court of Criminal Appeals has held "a defendant may not raise on direct appeal a claim of
ineffective assistance (or even an absence) of counsel that allegedly occurred at the proceeding to
adjudicate guilt." Hogans v. State, 176 S.W.3d 829, 833 (Tex. Crim. App. 2005); see Davis v. State,
195 S.W.3d 708, 710 (Tex. Crim. App. 2006). The asserted error must directly and distinctly
concern the punishment phase; the claim must, on its face, relate to the sentence imposed, not to the
decision to adjudicate. Hogans, 176 S.W.3d at 834. Similar to Hogans, the asserted error in this
case does not directly and distinctly concern the punishment phase. We lack jurisdiction over this
appeal.

 For the reasons stated, we dismiss Bolden's appeal for want of jurisdiction.




 Jack Carter

 Justice


Date Submitted: December 31, 2007

Date Decided: January 4, 2008


Do Not Publish