**Phillip W. BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–01–00123–CR.

Court of Appeals of Texas, Texarkana.

Submitted May 16, 2002.

Decided May 17, 2002.

William J. Huddleston, Marshall, for appellant.

Al Davis, Asst. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Phillip W. Brown appeals the revocation of his community supervision, alleging in-

effective assistance of counsel. In September of 1997, pursuant to a plea bargaining agreement, Brown pleaded guilty to the charge of aggravated assault with a deadly weapon, for which the court deferred adjudication of guilt and placed him on community supervision for ten years. In June of 2001, the State moved to proceed with the adjudication of guilt, alleging that Brown had violated the terms and conditions of his community supervision. At the hearing on the motion to adjudicate, the trial court found Brown guilty of violating his supervision terms. It then adjudged him guilty of the original charge of aggravated assault with a deadly weapon and sentenced him to ten years' confinement.

 A defendant may not appeal the trial court's determination to adjudicate an original offense on violation of community supervision. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2002) provides as follows:

> On violation of a condition of [deferred adjudication] community supervision [i.e., probation] imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. . . .

The plain meaning of Article 42.12, § 5(b), is that an appellant whose deferred adjudication community supervision has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999). One example of such an impermissible challenge is a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate. *See Cooper v. State*, 2 S.W.3d 500, 504 (Tex.App.-Texarkana 1999, pet. ref'd), which is exactly the challenge Brown now purports to raise. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b), specifically prohibits such an appeal. We therefore may not consider this contention of error.

The judgment is affirmed.