In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00170-CR
______________________________


GEORGE MONROE PECKHAM, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 294th Judicial District Court
Wood County, Texas
Trial Court No. 14,246-95


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          George Monroe Peckham was placed on deferred adjudication community
supervision for ten years after pleading guilty to aggravated sexual assault of a child. Nine
years later, the State filed its motion to proceed to final adjudication, alleging four violations
of community supervision. At the hearing on the State's motion, Peckham pled true to two
of the alleged violations and not true to the other two. The trial court found all four alleged
violations to be true, revoked Peckham's community supervision, adjudged him guilty,
assessed his punishment at twenty years' imprisonment, and sentenced him accordingly.
          Peckham appeals, complaining that the reporter's record of the original plea hearing
is unavailable and that the trial court erred in admitting polygraph evidence at the
adjudication hearing. We dismiss Peckham's appeal because he is precluded from
asserting his first complaint and we lack jurisdiction to consider the second.
          The State agrees that the reporter's record of the original plea proceeding is
unavailable.


 However, the unavailability of the reporter's record of that proceeding is not
a matter Peckham is allowed to assert in an appeal from the revocation of community
supervision. Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001); Daniels v. State, 30
S.W.3d 407 (Tex. Crim. App. 2000); Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App.
1999). Accordingly, we cannot consider this complaint.
          Further, this Court lacks jurisdiction to consider Peckham's other complaint because
it concerns alleged error at the adjudication hearing. Such contentions are not appealable. 
Article 42.12, Section 5(b) of the Code of Criminal Procedure expressly provides, in
relevant part, as follows:
(b) On violation of a condition of community supervision imposed
under [deferred adjudication community supervision], . . . [t]he defendant is
entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge. No appeal may
be taken from this determination.
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005) (emphasis added).
          This provision has been construed to mean that an appellant whose deferred
adjudication community supervision has been revoked, and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the
adjudication of guilt process. Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999); Brown v. State, 79 S.W.3d 140, 141 (Tex. App.—Texarkana 2002, no pet.). 
Accordingly, we are without jurisdiction to consider Peckham's complaint that the trial court
erred in admitting polygraph evidence at his adjudication hearing.
          Even if we had jurisdiction to consider Peckham's complaint, any error in admitting
the polygraph evidence would be harmless because he pled true to two of the State's
alleged violations of community supervision. It is well settled that proof of a single violation
is sufficient to support revocation of community supervision. O'Neal v. State, 623 S.W.2d
660, 661 (Tex. Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445 (Tex.
App.—Texarkana 1989, pet. ref'd).
          For these reasons, we dismiss Peckham's appeal for want of jurisdiction.

 

                                                                Donald R. Ross
                                                                Justice

Date Submitted:      March 3, 2006
Date Decided:         March 28, 2006

Do Not Publish


2. 
3. Counsel also did not object to the sentence imposed.