NO. 07-07-0160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2008
_____

DEIDRA LANELL CAMPBELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,481-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Deidra Lanell Campbell appeals from the adjudication of her guilt for the offense of possession of a controlled substance and her sentence of fifteen years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any meritorious issue that could support the appeal, we affirm the trial court's judgment.

In June 2002, appellant was indicted for possession of a controlled substance, specifically cocaine, in an amount of four grams or more but less than two hundred grams.[1] In November 2002, appellant plead guilty as charged in the indictment. Pursuant to the State's punishment recommendations, appellant received deferred adjudication community supervision for a period of six years, a fine of $1000, restitution, fees, and 100 hours community service. Appellant's deferred adjudication was conditioned on her compliance with specified terms and conditions.

In August 2006, the State filed a Motion to Proceed with an Adjudication of Guilt, alleging three violations of the terms of appellant's deferred adjudication community supervision, including a drug offense. On March 30, 2007, this motion was heard by the court. Appellant plead "not true" to the State's allegations. Thereupon, the court heard evidence presented.

The State presented six witnesses to establish that appellant violated the terms of her community supervision by: (1) knowingly possessing, with intent to deliver, a controlled substance, namely cocaine, in an amount of four grams or more but less than 200 grams on June 14, 2006; (2) failing to pay the $25.00 supervision fee for the month of July 2006; and (3) failing to pay $25.00 toward court costs, restitution and fine for the month of July 2006.

Following presentation of the evidence, the court found that the State met its burden of proof with regard to its first allegation. The trial court adjudicated appellant guilty of the offense of possession of a controlled substance as alleged in the June 2002 indictment

_____

[1] *See* Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003).

and, having heard appellant's sentencing evidence, pronounced the sentence noted. Appellant timely filed notice of appeal. The record also contains a letter from appellant to the trial court judge regarding her intent to appeal and raising complaints about appointed trial counsel's representation of her at the adjudication hearing.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493(1967), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel also notes that a potential issue on which error may lie is in the sufficiency of evidence supporting the trial court's adjudication of guilt. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

The trial court's adjudication of appellant's guilt is not appealable.[2] Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05 & Supp. 2007)*; Phynes v. State,* 828 S.W.2d 1 (Tex.Crim.App. 1992); *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Crim.App. 1992). Before its recent amendment, § 5(b) of article 42.12 prohibited, in an appeal after the revocation of deferred adjudication community supervision, challenges to the trial court's decision to proceed to adjudication. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006) (then providing "no appeal may be taken" from trial court's determination whether to proceed with adjudication of guilt on original charge); *Manuel v. State,* 994 S.W.2d 658 (Tex.Crim.App. 1999); *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App. 1999); *Phynes,* 828 S.W.2d at 2; *Drew v. State,* 942 S.W.2d 98, 99 (Tex.App.–Amarillo 1997, no pet.) (each noting the plain meaning of article 42.12, § 5(b), as then in effect, that an appellant whose deferred adjudication community supervision has been revoked and who has been adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication of guilt process). One example of such an impermissible challenge is a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate, as appellant appeared to raise in her letter to the trial judge. *Brown v. State,* 79 S.W.3d 140, 141 (Tex.App.–Texarkana 2002, no pet.); *Cooper v. State,* 2 S.W.3d 500, 504 (Tex.App.–Texarkana 1999, pet. ref'd). We therefore find no arguably meritorious issue may be raised on this point.

---

[2] The adjudication of appellant's guilt occurred before the effective date of Senate Bill 909 in the 80th Legislature, which authorizes appeals from the decision to adjudicate guilt. Act of June 15, 2007, 80th Leg. R.S., Ch. 1308, §1, 2007 Tex. Gen. Laws–(amending Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2006), effective for hearings conducted on or after June 15, 2007).

Nor can appellant raise an appellate issue with regard to the sufficiency of the evidence presented at the hearing. *Connolly,* 983 S.W.2d at 740. The prohibition of appeal under the former version of article 42.12, § 5(b), from the trial court determination to proceed with an adjudication of guilt precludes a review of the sufficiency of the evidence there presented to prove the allegations in the State's motion to revoke. *Connolly,* 983 S.W.2d at 740; *Wright v. State,* 592 S.W.2d 604, 606 (Tex.Crim.App. 1980); *Williams v. State,* 592 S.W.2d 604, 606 (Tex.Crim.App. 1979). We therefore find no appealable error on this point.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the adjudication of guilt rendered against appellant on January 26, 2007. We agree with counsel it presents no meritorious grounds for review with regard to the adjudication. We grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.