NO. 07-07-0212-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2008
_____

WALNETTA LEE HUVAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13817-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Walnetta Lee Huval appeals from the adjudication of her guilt for the offense of aggravated assault on a public servant and her sentence of fifteen years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any

arguably meritorious issue which could support the appeal, we affirm the trial court's judgment.

On August 22, 2001, appellant was charged by indictment of the offense of aggravated assault on a public servant, enhanced.[1] On November 28, 2001, pursuant to a plea agreement, appellant plead guilty as charged in the indictment and was placed on deferred adjudication community supervision for a period of four years. Appellant's deferred adjudication was conditioned on her compliance with specified terms and conditions.

On January 28, 2005, the State filed a motion to revoke unadjudicated probation, setting forth six violations of the terms and conditions of appellant's deferred adjudication community supervision. Appellant's probation was continued under additional conditions and terms. Thereafter, on March 9, 2007, the State filed an amended motion to revoke unadjudicated probation, setting forth three violations, including appellant's failure to attend and successfully complete the requisite substance abuse care treatment plan. On April 25, 2007, this motion was heard by the court.[2] Appellant pled " true" to the State's allegations.

---

[1] *See* Tex. Penal Code Ann. § 22.01(b) (Vernon 2007).

[2] The court heard evidence from two witnesses concerning appellant's violation of the terms and conditions of her community supervision by: (1) failing to remain within the confines of Potter, Randall and Armstrong Counties; (2) failing to attend and successfully complete the SAFPF continuum of care treatment plan; and (3) failing to report as required for the months of July 2006 through January 2007.

2

Pursuant to appellant's pleas of "true," the trial court adjudicated appellant guilty of the offense of aggravated assault of a public servant as alleged in the indictment and sentenced appellant to fifteen years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.[3]

Appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke unadjudicated probation. Counsel also notes two potential issues upon which error may lie: (1) ineffective assistance of counsel; and (2) sufficiency of evidence supporting the trial court's adjudication of guilt. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

---

[3] The trial court's certification of defendant's right of appeal indicates appellant received the trial court's permission to appeal this matter. Tex. R. App. P. 25.2(a)(2)(B).

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Under the law applicable at the time appellant's community supervision was revoked, appellant may not appeal the trial court's adjudication of guilt.[4] Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2007)*; Phynes v. State,* 828 S.W.2d 1 (Tex.Crim.App. 1992); *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Crim.App. 1992). The then applicable version of article 42.12, § 5(b) provided that in an appeal after the revocation of deferred adjudication community supervision, the defendant cannot challenge the original plea or the original decision to defer the adjudication of guilt. *See Manuel v. State,* 994 S.W.2d 658 (Tex.Crim.App. 1999); *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App. 1999); *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Drew v. State,* 942 S.W.2d 98, 99 (Tex.App.–Amarillo 1997, no pet.) (each noting that the plain meaning of Art. 42.12, § 5(b) is that an appellant whose deferred adjudication community supervision has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process). One example of such an impermissible challenge is a claim of ineffective assistance of counsel at the hearing on

---

[4] The adjudication of appellant's guilt occurred before the effective date of Senate Bill 909 in the 80th Legislature, which authorizes appeals from the decision to adjudicate guilt. Act of June 15, 2007, 80th Leg. R.S., Ch. 1308, §1, 2007 Tex. Gen. Laws–(amending Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2007)).

4

the motion to adjudicate. *Brown v. State,* 79 S.W.3d 140, 141 (Tex.App.–Texarkana 2002, no pet.); *Cooper v. State,* 2 S.W.3d 500, 504 (Tex.App.–Texarkana 1999, pet. ref'd). However, because appellant's original notice of appeal made specific reference to the issue of ineffective assistance, and the trial court gave appellant permission to appeal, we have reviewed the record to determine whether it would support an arguably meritorious issue on that point. We find nothing in the record to support an ineffective assistance of counsel claim.

We agree with appellate counsel also that no arguably meritorious issue appears with regard to sufficiency of the evidence. At the revocation hearing, appellant plead "true" to each of the State's allegations of violation of the terms of community supervision. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied).

The *Anders* brief makes reference also to the evidence supporting the affirmative finding the court made as to appellant's use of a deadly weapon. Appellant's 2001 indictment gave her notice that the State would seek an affirmative finding on her use of a deadly weapon. When appellant plead guilty to the offense later that year, she confessed that she committed each and every allegation contained within the indictment. This included the use of the deadly weapon. *Ex parte Huskins,* 176 S.W.3d 818, 820 (Tex.Crim.App. 2005).

Lastly, we find no arguably meritorious point may be raised with regard to the punishment assessed to appellant. While she may challenge punishment following her adjudication of guilt, the trial court assessed punishment for appellant at fifteen years of confinement in the Institutional Division of the Texas Department of Criminal Justice, an acceptable term within the permissible range.[5]  In fact, given the enhancement of appellant's sentence, the trial court sentenced appellant to the lowest possible term.  *See* Tex. Penal Code Ann. § 12.42(a)(3) (Vernon 2007).  It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984).

Our review convinces us that appellate counsel conducted a complete review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal, as permitted by

---

[5] The offense for which appellant plead guilty was a third degree felony punishable by imprisonment for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (Vernon 2003).  Appellant's punishment was enhanceable pursuant to Texas Penal Code Ann. § 12.42(a)(3) (Vernon 2007). The entire range of punishment remains open to the trial judge after adjudication of guilt. *Taylor v. State,* 131 S.W.3d 497, 501 (Tex.Crim.App. 2004).  *See also* Tex. Code Crim. Proc. Art. 42.12 § 5(b) (stating that after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and defendant's appeal continue as if the adjudication of guilt had not been deferred).

statute. We agree it presents no arguably meritorious grounds for review. We grant

counsel's motion to withdraw[6] and affirm the judgment of the trial court.



James T. Campbell
Justice


Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.