NO. 07-07-0212-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2008
______________________________

WALNETTA LEE HUVAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13817-B; HONORABLE JOHN BOARD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Walnetta Lee Huval appeals from the adjudication of her guilt for the
offense of aggravated assault on a public servant and her sentence of fifteen years of
confinement in the Institutional Division of the Texas Department of Criminal Justice.
Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues
to appeal. Agreeing with appointed counsel’s conclusion the record fails to show any
arguably meritorious issue which could support the appeal, we affirm the trial court’s
judgment. 
          On August 22, 2001, appellant was charged by indictment of the offense of
aggravated assault on a public servant, enhanced.


 On November 28, 2001, pursuant to
a plea agreement, appellant plead guilty as charged in the indictment and was placed on
deferred adjudication community supervision for a period of four years. Appellant’s
deferred adjudication was conditioned on her compliance with specified terms and
conditions.
          On January 28, 2005, the State filed a motion to revoke unadjudicated probation,
setting forth six violations of the terms and conditions of appellant’s deferred adjudication
community supervision. Appellant’s probation was continued under additional conditions
and terms. Thereafter, on March 9, 2007, the State filed an amended motion to revoke
unadjudicated probation, setting forth three violations, including appellant’s failure to attend
and successfully complete the requisite substance abuse care treatment plan. On April
25, 2007, this motion was heard by the court.


 Appellant pled ” true” to the State’s
allegations.
          Pursuant to appellant’s pleas of “true,” the trial court adjudicated appellant guilty of
the offense of aggravated assault of a public servant as alleged in the indictment and
sentenced appellant to fifteen years in the Institutional Division of the Texas Department
of Criminal Justice. This appeal followed.



          Appellant's appointed appellate counsel filed a motion to withdraw and a brief in
support pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which she certifies that she has diligently reviewed the record and, in her
professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be
predicated. The brief discusses the procedural history of the case and the proceedings in
connection with the motion to revoke unadjudicated probation. Counsel also notes two
potential issues upon which error may lie: (1) ineffective assistance of counsel; and (2)
sufficiency of evidence supporting the trial court’s adjudication of guilt. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on
appellant, and that counsel has advised appellant of her right to review the record and file
a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet.
ref'd). By letter, this Court also notified appellant of her opportunity to submit a response
to the Anders brief and motion to withdraw filed by her counsel. Appellant has not filed a
response.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
        Under the law applicable at the time appellant’s community supervision was revoked,
appellant may not appeal the trial court’s adjudication of guilt.


 Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon 2007); Phynes v. State, 828 S.W.2d 1 (Tex.Crim.App. 1992);
Olowosuko v. State,  826 S.W.2d 940 (Tex.Crim.App. 1992). The then applicable version
of article 42.12, § 5(b) provided that in an appeal after the revocation of deferred
adjudication community supervision, the defendant cannot challenge the original plea or
the original decision to defer the adjudication of guilt. See Manuel v. State, 994 S.W.2d
658 (Tex.Crim.App. 1999); Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999);
Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); Drew v. State, 942 S.W.2d 98,
99 (Tex.App.–Amarillo 1997, no pet.) (each noting that the plain meaning of Art. 42.12, §
5(b) is that an appellant whose deferred adjudication community supervision has been
revoked and who has been adjudicated guilty of the original charge, may not raise on
appeal contentions of error in the adjudication of guilt process). One example of such an
impermissible challenge is a claim of ineffective assistance of counsel at the hearing on
the motion to adjudicate. Brown v. State, 79 S.W.3d 140, 141 (Tex.App.–Texarkana 2002,
no pet.); Cooper v. State, 2 S.W.3d 500, 504 (Tex.App.–Texarkana 1999, pet. ref’d). 
However, because appellant’s original notice of appeal made specific reference to the
issue of ineffective assistance, and the trial court gave appellant permission to appeal, we
have reviewed the record to determine whether it would support an arguably meritorious
issue on that point. We find nothing in the record to support an ineffective assistance of
counsel claim.
          We agree with appellate counsel also that no arguably meritorious issue appears
with regard to sufficiency of the evidence. At the revocation hearing, appellant plead “true”
to each of the State’s allegations of violation of the terms of community supervision. A plea
of “true” to even one allegation in the State’s motion is sufficient to support a judgment
revoking community supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App.
1979); Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied). 
           The Anders brief makes reference also to the evidence supporting the affirmative
finding the court made as to appellant’s use of a deadly weapon. Appellant’s 2001
indictment gave her notice that the State would seek an affirmative finding on her use of
a deadly weapon. When appellant plead guilty to the offense later that year, she
confessed that she committed each and every allegation contained within the indictment.
This included the use of the deadly weapon. Ex parte Huskins, 176 S.W.3d 818, 820
(Tex.Crim.App. 2005).
         Lastly, we find no arguably meritorious point may be raised with regard to the
punishment assessed to appellant. While she may challenge punishment following her
adjudication of guilt, the trial court assessed punishment for appellant at fifteen years of
confinement in the Institutional Division of the Texas Department of Criminal Justice, an
acceptable term within the permissible range.


 In fact, given the enhancement of
appellant’s sentence, the trial court sentenced appellant to the lowest possible term. See
Tex. Penal Code Ann. § 12.42(a)(3) (Vernon 2007). It is the general rule that as long as
a sentence is within the proper range of punishment, it will not be disturbed on appeal. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal, as permitted by
statute. We agree it presents no arguably meritorious grounds for review. We grant
counsel's motion to withdraw


 and affirm the judgment of the trial court.
 
                                                                James T. Campbell

                                                                           Justice











Do not publish.