**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00469-CR

————————————

**MICHAEL ANGEL DE LA ROSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 208th District Court
Harris County, Texas
Trial Court Case No. 1679428

---

### MEMORANDUM OPINION

Michael Angel De La Rosa was indicted for engaging in organized criminal activity, a first-degree felony. He pleaded guilty to the lesser included offense of aggravated robbery with serious bodily injury. The trial court ordered deferred adjudication and sentenced De La Rosa to eight years of community supervision.

Less than four months later, De La Rosa led police on a fifteen-mile high-speed chase, resulting in his arrest and charges for evading arrest. The State filed a motion to adjudicate guilt. Following an adjudication hearing, the trial court granted the State's motion and sentenced De La Rosa to ten years in prison.

In two issues, De La Rosa argues his trial counsel rendered ineffective assistance of counsel because (1) he failed to ensure that De La Rosa's guilty plea was knowing, voluntary, and intelligent, and (2) he failed to challenge the trial court's imposition of a "grossly disproportionate" sentence.

We dismiss in part and affirm in part.

## Background

Michael Angel De La Rosa was indicted for engaging in organized criminal activity, a first-degree felony.[1] He was indicted for the aggravated robbery of Jose Acevedo on May 26, 2020, during which according to the indictment, De La Rosa "intentionally and knowingly cause[d] serious bodily injury" to Acevedo "by striking [him] with his hands" and "kicking [him] with his feet." *See* TEX. PENAL CODE § 29.03(a). According to the indictment, De La Rosa was a member of a "criminal street gang" called "Southwest Cholos" at the time of the robbery.

---

[1] A person engages in organized criminal activity "if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit" one of a specified list of offenses, including aggravated robbery. TEX. PENAL CODE § 71.02(a)(1).

2

De La Rosa pleaded guilty to the lesser included offense of aggravated robbery with serious bodily injury, a first-degree felony. The punishment range for aggravated robbery is five to ninety-nine years in prison and a fine not to exceed $10,000. *See* TEX. PENAL CODE §§ 12.32, 29.03(b). The trial court ordered deferred adjudication and sentenced De La Rosa to eight years of community supervision. De La Rosa was represented by counsel during the plea proceedings.

During the plea proceedings, De La Rosa initialed several admonishments, statements, and waivers signifying his understanding and agreement to them. Among other things, De La Rosa initialed his understanding that:

- "If convicted, you face the following range of punishment: First Degree Felony: a term of life or any term no more than 99 years or less than 5 years in the Correctional Institutions Division of the Texas Department of Criminal Justice and, in addition, a fine not to exceed $10,000.00 may be assessed."

- "I am mentally competent, that I understand the nature of the charges against me;"

- "I further state my plea is freely, knowingly and voluntarily made;"

- "I am totally satisfied with the representation provided by my counsel and I received effective and competent representation;"

- "I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, and I hereby request that the trial court accept said plea;" and

- "I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney[.]"

3

The trial court entered the order of deferred adjudication on April 14, 2022. As part of his deferred adjudication, De La Rosa agreed that he would not engage in certain conduct, including having contact with "any known criminal street gang member," and committing an offense "against the laws of this or any other State or of the United States." De La Rosa also agreed that he would pay monthly supervision fees, court costs, and drug-testing expenses, and that he would attend the educational program "Thinking for a Change."

**The Motion to Adjudicate Guilt**

Less than four months later, on August 8, 2022, De La Rosa was arrested. Two police patrol officers saw a car in a residential area with no front license plate and a malfunctioning back license plate light. One of the officers recognized the driver as De La Rosa. The officers attempted to make a traffic stop, signaling the car to pull over, but rather than stop, De La Rosa led the police on a fifteen-mile chase, which lasted about fifteen minutes. It was around 11 p.m. at night. During the chase, De La Rosa turned the car's lights off, making it difficult for the police to track him. At times, De La Rosa traveled at speeds greater than 100 miles per hour. According to one of the police officers involved in the chase, De La Rosa's driving was "very erratic, weaving in and out of lanes, making it unsafe for anyone else of the road." The officers called for back-up and three different helicopters

4

monitored the chase. Authorities eventually arrested De La Rosa and charged him with evading arrest.

On August 10, 2022, the State filled a motion to adjudicate guilt. The State alleged De La Rosa had violated the terms of his community supervision by committing the offense of evading arrest, by failing to pay some of his monthly supervision fees, court costs, and drug-testing fees, and by failing to complete the required educational program "Thinking for a Change." De La Rosa was represented by counsel during the adjudication proceeding.

During the adjudication hearing, De La Rosa admitted to driving the car the police chased on August 8, 2022. He knew the police were trying to pull him over, and he testified he fled from police because he "didn't want to get another ticket because . . . that would be a violation" of his community supervision. De La Rosa continued to flee because he was "nervous and scared." De La Rosa testified that the passenger in the car, a longtime friend, was associated with the "Southwest Cholos" gang. He denied being a current member of the gang, stating he had left the gang the night he committed the aggravated robbery of Acevedo.

At the conclusion of the hearing, the trial court granted the State's motion to adjudicate guilt. The trial court found that De La Rosa had violated the terms of his community supervision, and it also found De La Rosa guilty of the underlying

conviction of aggravated robbery with serious bodily injury, and the court assessed De La Rosa's sentence at ten years in prison. This appeal ensued.

## Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) counsel's performance was deficient, and (2) a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The defendant bears the burden of proof on both issues, and failure to make either showing by a preponderance of the evidence will defeat an ineffective assistance claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The "purpose of this two-pronged test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). The right to effective assistance of counsel does not mean a defendant has a right to errorless counsel, but rather to representation that is "objectively reasonable." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

When evaluating a claim of ineffective assistance, appellate courts look to the totality of the representation and the circumstances of each case. *See Thompson*, 9 S.W.3d at 813. There is a "strong presumption" that trial counsel

6

rendered reasonable professional assistance. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome the presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. Any judicial review must be highly deferential to trial counsel and avoid the "distorting effects of hindsight." *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (citing *Strickland*, 466 U.S. at 668).

The first *Strickland* prong requires the appellant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. The defendant must prove by a preponderance of the evidence that his counsel's representation objectively fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

If a criminal defendant establishes that his trial counsel's performance was deficient, he must next establish the second *Strickland* prong—that he was prejudiced by his counsel's actions. *Thompson*, 9 S.W.3d at 812. In proving prejudice, the defendant must establish with reasonable probability that had his trial counsel acted professionally, the result of the proceeding would have been different. *Id.* A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Mallett*, 65 S.W.3d at 63 (quoting *Strickland*, 466 U.S. at 694). "If it is easier to dispose of an ineffectiveness claim on the ground of

7

lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

## A. The Guilty Plea

In his first issue, De La Rosa argues that his trial counsel was ineffective during the plea proceedings, resulting in a guilty plea that was not knowing, voluntary, and intelligent. De La Rosa contends that when he entered his guilty plea, his trial counsel "failed to review any aspects of [his] plea with him prior to trial and instead pressured [him] to sign a plea agreement," assuring De La Rosa that he "would be able to have his case reversed on appeal or receive less time and not to worry." According to De La Rosa, his trial counsel stated he "would receive 15 years' incarceration if he did not sign his guilty plea" and his counsel "never called [him] to speak regarding the case."[2]

In *Manuel v. State*, the Court of Criminal Appeals held that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).[3, 4, 5] *Manuel* has been interpreted to obligate

---

[2] De La Rosa also argues that his trial counsel failed to investigate the allegations against him and "was not prepared for a trial."

[3] De La Rosa does not address *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999) or its progeny in his brief.

8

a defendant "to appeal *any* issue 'relating to the original plea hearing' at the time he is placed on deferred adjudication" or risk waiving it. *Webb v. State*, 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000, no pet.) (quoting *Clark v. State*, 997 S.W.2d 365, 368–69 (Tex. App.—Dallas 1999, no pet.) (emphasis in original)); *Gavin v. State*, 404 S.W.3d 597, 606 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (same). A defendant who is placed on deferred-adjudication community supervision may thus raise issues of error in the original plea proceeding only through a timely appeal after community supervision is first imposed. This includes issues relating to the voluntariness of the guilty plea and claims of ineffective assistance of counsel. *Webb*, 20 S.W.3d at 836 (holding after appellant's guilt was adjudicated, appellate court could not consider argument that appellant's "plea was involuntary and that his trial counsel denied him effective assistance before pleading guilty" because argument "relate[d] to the validity of the original guilty plea or the order deferring adjudication"); *Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.—

---

[4] *See also Middleton v. State*, 634 S.W.3d 46, 51 (Tex. Crim. App. 2021) ("[A] defendant whose deferred adjudication is adjudicated cannot then appeal the original plea . . . ."); *Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) ("We made clear in *Manuel* . . . that those issues that an appellant can raise in a direct appeal from the initial judgment must be raised, and that failing to do so results in procedural default.").

[5] The Court of Criminal Appeals has identified two exceptions to *Manuel*, neither of which is applicable here. *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (recognizing *Manuel* exceptions). "An 'involuntary plea' does not constitute one of those rare situations" where *Manuel* does not apply. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).

9

Houston [14th Dist.] 1999, pet. ref'd) ("Appellant could have appealed from the order placing him on deferred adjudication and could have raised the voluntariness of his plea following his original plea hearing. Based on the holding in *Manuel*, his failure to do so precludes us from now hearing the merits of his complaints.").

De La Rosa did not appeal the alleged involuntariness of his plea after he received deferred adjudication. Because he did not raise the voluntariness of his plea or ineffective assistance of counsel following his original plea hearing, we lack jurisdiction to address his complaint now. *See Guillory v. State*, 99 S.W.3d 735, 738 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (dismissing for lack of jurisdiction appellant's challenge of voluntariness of plea during appeal following adjudication of guilt); *Roberson v. State*, 71 S.W.3d 830, 831 (Tex. App.—Texarkana 2002, no pet.) (holding appellate court lacked jurisdiction to consider "appeal from the original plea proceeding" after revocation of community supervision and adjudication of appellant's guilt).

We dismiss De La Rosa's first issue for lack of jurisdiction.

## B. The Sentence

In his second issue, De La Rosa argues that his trial counsel was ineffective "for failing to challenge the fact that the trial court abused its discretion in imposing a grossly disproportionate sentence." We construe this argument as consisting of two sub-issues. De La Rosa argues that his counsel's failure to object

to the ten-year sentence constituted ineffective assistance of counsel and, further, that had his counsel objected, the sentence would have been found to be grossly disproportionate. We examine each argument in turn.

## 1. Ineffective Assistance of Counsel

De La Rosa does not cite any legal authorities for the proposition that his counsel provided ineffective assistance during the adjudication hearing by failing to object to his sentence, nor does he provide any relevant citations to the record. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). His only record citations in this argument pertain to his probation violation ("he was a little behind on his fee payments due to his incarceration") and his acceptance into a GED program, both of which he testified about during the adjudication hearing.

De La Rosa also notes in his argument that he was impacted by his parents' death when he was one year old, he was no longer involved with the gang, he was only "a child" of 18 when he committed the robbery, and he was working to support his grandparents. But his adjudication counsel argued most of these facts during the adjudication hearing. For example, his counsel argued that De La Rosa was "still a child at 21," and that he "didn't know the love and the nature of parents. [He was] [l]eft out there." His counsel also argued that "[t]his child ought

to be given a chance to reform.  He's no longer a gang member.  He's working trying to help the grandparents."

Given that the trial court heard De La Rosa's testimony and the closing argument of his trial counsel, the combination of which addressed all the purportedly mitigating factors De La Rosa notes in his brief, we find De La Rosa's argument—to the extent he argues the mitigating factors should have resulted in a lesser sentence—unpersuasive.  In any event, none of his arguments has any bearing on his contention that his counsel should have objected to the ten-year sentence.  And none has any pertinence to the adjudication of his guilt or his violation of his community supervision terms.

"To establish ineffective assistance of counsel based on a failure to object, appellant must demonstrate that the trial court would have committed harmful error in overruling the objection if trial counsel had objected."  *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).  De La Rosa has not established that had his counsel objected, the trial court would have erred in overruling the objection to his ten-year sentence.  *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (explaining that appellant must show trial court would have erred in overruling objection to punishment in order for reviewing court to determine counsel provided ineffective assistance in failing to make such objection).  The punishment range for

aggravated robbery with serious bodily injury is five to ninety-nine years in prison and a fine not to exceed $10,000. *See* TEX. PENAL CODE §§ 12.32, 29.03(b). De La Rosa's ten-year sentence falls within the statutory punishment range for aggravated robbery with serious bodily injury and thus De La Rosa cannot not establish ineffective assistance based on the failure to object. *See Gavin*, 404 S.W.3d at 606–07 (holding trial court "sentenced Gavin to 20 years in prison, which is within the statutory limits" and thus the "failure to object was not ineffective assistance of counsel"); *Jagaroo*, 180 S.W.3d at 801 (observing that because appellant's punishment was within statutory range, it was not cruel and unusual, and trial court would not have erred in overruling counsel's objection to punishment had one been made, thus appellant did not establish ineffective assistance of counsel); *cf. Guzman v. State*, 539 S.W.3d 394, 409 (Tex. App.— Houston [1st Dist.] 2017, pet. ref'd) ("It does not constitute ineffective assistance for trial counsel to forego making a frivolous objection.").

Because he did not establish his adjudication counsel's representation fell below the objective standard of reasonableness in failing to object to his sentence, De La Rosa did not satisfy the first *Strickland* requirement.

Nor did De La Rosa establish the second *Strickland* requirement of prejudice. De La Rosa did not argue that he was prejudiced by his adjudication counsel's purported ineffective assistance with respect to his failure to object to the

13

sentence.  Given that he failed to make a prejudice argument, De La Rosa did not "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."  *Mitchell*, 68 S.W.3d at 642; *see also Bessey v. State*, 199 S.W.3d 546, 555 (Tex. App.—Texarkana 2006) (holding appellant waived ineffective assistance of counsel argument when no effort was made in brief to show how record demonstrated prejudice), *aff'd on other grounds*, 239 S.W.3d 809 (Tex. Crim. App. 2007); *Peake v. State*, 133 S.W.3d 332, 334 (Tex. App.—Amarillo 2004, pet. ref'd) ("'[G]iven that the burden lies with "[a]ppellant  . . . [to] prove *both* prongs of [the *Strickland* test] by a preponderance of the evidence in order to prevail' . . . we have no duty to unilaterally fill the void appellant left [by failing to brief prejudice]."") (emphasis in original) (citation omitted).

We hold De La Rosa, having failed to satisfy either *Strickland* prong, did not establish that his counsel's failure to object to the sentence constituted ineffective assistance of counsel.

## 2.    Eighth Amendment Argument

De La Rosa also advances an Eighth Amendment argument that his sentence was "grossly disproportionate to the offense he committed."  De La Rosa, however, did not object in the trial court that his sentence was disproportionate to

his offense or otherwise make any argument under the Eight Amendment.[6, 7]  He thus failed to preserve this complaint for appeal.  *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("In order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); TEX. R. APP. P. 33.1(a); *see also Jackson v. State*, 989 S.W.2d 842, 843–44 (Tex. App.—Texarkana 1999, no pet.) (holding appellant failed to preserve complaint that sentence imposed after guilt was adjudicated was grossly disproportionate to crime and violated Eighth Amendment because he failed to make timely objection to sentence); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding appellant who did not object to sentence when pronounced or in post-trial motion failed to preserve complaint because "[t]he constitutional right to be free from cruel and unusual punishment may be waived").

Even had this issue been preserved for appeal, our disposition would remain the same.  De La Rosa bases his argument on a single sentence in *Ex parte Chavez*,

---

[6]    An objection can be lodged either in-court or in a post-trial motion.  *See Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

[7]    De La Rosa's counsel did not make any objections after the sentence was pronounced.

15

213 S.W.3d 320 (Tex. Crim. App. 2006), which stemmed from a trial court's recommendation that a defendant "receive a new punishment proceeding on the basis of evidence of actual innocence." *Id.* at 321. The sentence upon which De La Rosa relies states:

> Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.

*Id.* at 323–34 (citing *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003)). De La Rosa does not explain how his sentence falls in the "'exceedingly rare,' and somewhat amorphous" exception to the rule that punishments "that fall[] within the legislatively prescribed range" and based on the court's "informed normative judgment are unassailable on appeal." *Id.*; *see also State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (noting that generally if assessed punishment is "within the statutory limits . . . [it] is not excessive, cruel, or unusual.").

Nor does De La Rosa engage in the three-step analysis courts utilize to determine whether a non-capital sentence qualifies for the "uncommon and 'somewhat amorphous' exception" mentioned in *Ex parte Chavez. See Simpson*, 488 S.W.3d at 323 ("To determine whether a sentence . . . is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the

16

culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses.") (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "To adequately brief a constitutional issue appellant must proffer *specific* arguments and authorities supporting his contentions under the constitution. Otherwise, his contentions are inadequately briefed." *Hicks v. State*, 15 S.W.3d 626, 631 (Tex. App. —Houston [14th Dist.] 2000, pet. ref'd) (emphasis in original) (citing TEX. R. APP. P. 38.1(i)). "[I]t is incumbent upon the defendant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional to others is not sufficient." *McFarland v. State*, 928 S.W.2d 482, 521 (Tex. Crim. App. 1996) (quoting *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992)); *see also Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (noting appellate court has no "obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record") (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)).

Because De La Rosa did not preserve his Eighth Amendment issue or otherwise present an analysis of the issue in his brief, he waived his argument that his sentence was grossly disproportionate to the crime.

We overrule his second issue.

17

## Conclusion

We dismiss that portion of the appeal with respect to De La Rosa's argument as to the voluntariness of his plea for lack of jurisdiction. We affirm the remainder of the trial court's judgment.

<div style="margin-left: 50%;">
Veronica Rivas-Molloy<br>
Justice
</div>

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.

Do not publish. TEX. R. APP. P. 47.2(b).